CELIA McGUINNESS, Esq. (SBN 159420)
STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
GERARDO HERNANDEZ

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GERARDO HERNANDEZ, | CASE NO. 5:19-cv-03875 NC |
|---|---|
| Plaintiff, | Civil Rights |
| v. | **SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |
| WING SING CHONG CO, INC., and INTELLIZ, INC. | |
| Defendants. | |

Plaintiff GERARDO HERNANDEZ filed a Complaint in this action on July 3, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants WING SING CHONG CO, INC., and INTELLIZ, INC., relating to disability discrimination at Defendants' public accommodations as of February 13, 2019, and continuing. Plaintiff has alleged that Defendants violated Titles II of the ADA and sections 51, 54, 54.1, and 54.3 of the California Civil Code by creating and/or failing to remove physical barriers to disability access at the Edible Arrangement store and related facilities located at 2706 to 2740 Middlefield Road, Palo Alto, California (hereinafter sometimes, "the property"). Without agreeing to the

truth of any of Plaintiff's allegations as set forth above or in the operative pleading in this matter, which allegations Defendant expressly denies, Plaintiff and Defendant WING SING CHONG CO, INC. (together, "the Parties") agree that it is in the Parties' best interests, and Plaintiff believes it is in the public interest, to fully and finally resolve the this matter on mutually agreeable terms without resort to protracted litigation. Therefore, Plaintiff and Defendant WING SING CHONG CO, INC., hereby agree and stipulate to the following Settlement Agreement, which the Court will retain jurisdiction to enforce for twelve months after the date it is signed.

WHEREFORE, the Parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Order, which provide as follows:

**JURISDICTION AND VENUE:**

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. §1391.
2. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant WING SING CHONG CO, INC., (hereafter sometimes, "Defendant").
3. Defendant acknowledges the Court's jurisdiction over it in this matter. The signing parties stipulate that Defendant is deemed to have appeared in this case and submitted itself to the jurisdiction of the Court; and that the Court has ongoing jurisdiction over it to make and enforce this Settlement Agreement and Order.

**REMEDIATION:**

4. Defendant represents that it has remediated all the barriers at the site pursuant to the Certified Access Specialist Program ("CASp") report for the Restaurant dated September 9, 2019, updated January 29, 2020, and February 27, 2020, except for one barrier at page 11 of the report. The report is attached hereto and incorporated as **Exhibit A**. Defendant will remediate that barrier by April 30, 2020. Within fourteen

days of remediating it, Defendant will provide Plaintiff through counsel photograph(s) sufficient to show that the barrier has been remediated.

5. Defendant shall maintain the accessible features in compliance with ADAS and the CBC.

6. On or before April 30, 2020, Defendant shall establish a written policy and promulgate it to its tenants at the property as follows: Tenants will not prop open their front doors during business hours, because doing so blocks the accessible path of travel. If tenants desire to prop open their doors during business hours, they must rehang the doors to open inward.

    a. As each tenant lease at the property comes up for renewal, Defendant will incorporate this policy as a clause in the lease.

**DAMAGES AND ATTORNEY FEES:**

7. Defendant shall pay $ 24,897.00 in full compensation of Plaintiff's damages, attorney fees, litigation expenses and costs. Payment shall be made by one check payable to the order of "Derby, McGuinness & Goldsmith, LLP, in Trust for Gerardo Hernandez" and shall be due in the office of Derby, McGuinness & Goldsmith, 300 Lakeside Dr, Oakland CA 94612, by close of business on March 31, 2020. The payment shall be allocated as $4,000 for Plaintiff's damages and $20,897.00 for Plaintiff's attorney fees, litigation expenses and costs.

**ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

8. This Settlement Agreement and Order and **Exhibit A** constitute the entire agreement between the signing Parties regarding resolution of this dispute, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this Settlement Agreement and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Settlement Agreement and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Settlement Agreement and Order is signed. Except for all obligations required in this Settlement Agreement and Order, the Parties intend that this Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Settlement Agreement and Order. Therefore, except for all obligations required in this Settlement Agreement and Order, this Settlement Agreement and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Settlement Agreement with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

10. Except for all obligations required in this Settlement Agreement and Order each of the Parties to this Settlement Agreement and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of the lawsuit.

11. If any provision of this Settlement Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in part, the remaining portions of this Settlement Agreement will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform such provision(s) to the extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

12. The Parties acknowledge that their respective attorneys have reviewed and drafted this Settlement Agreement, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Settlement Agreement.

13. This Settlement Agreement may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by the Parties, shall constitute this Settlement Agreement.

14. The individuals signing this Settlement Agreement represent that they are authorized to bind their respective Party to this Settlement Agreement.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

DocuSign Envelope ID: 2406DF9F-7F6B-471D-B93D-D6025E16B316

Dated: 3/16, 2020

PLAINTIFF GERARDO HERNANDEZ

_____

Dated: 3/16/2020, 2020

DEFENDANT WING SING CHONG CO., INC.

By: _Ryan Siu_ (DocuSigned by: 1E0DDA721B07445...)

Print name: Ryan Siu

Title: CFO

APPROVED AS TO FORM:

Dated: _____, 2020

DERBY, McGUINNESS & GOLDSMITH, LLP

_____
CELIA McGUINNESS
Counsel for Plaintiff Gerardo Hernandez

Dated: _____, 2019

THE LAW OFFICES OF JERREY E. RYAN

_____
JEFFREY E. RYAN
Counsel for Defendant Wing Sing Chong Co., Inc.

//
//
//
//
//
//
//

| | |
|---|---|
| Dated: _____, 2020 | PLAINTIFF GERARDO HERNANDEZ |
| | _____ |
| Dated: _3/16/2020_, 2020 | DEFENDANT WING SING CHONG CO, INC. |
| | By: _Ryan Siu_ (DocuSigned, 1E0DDA721B07445...) |
| | Print name: Ryan Siu |
| | Title: CFO |

APPROVED AS TO FORM:

Dated: _____, 2020        DERBY, McGUINNESS & GOLDSMITH, LLP

_____
CELIA McGUINNESS
Counsel for Plaintiff Gerardo Hernandez

Dated: _March 17, 2020_, 2019       THE LAW OFFICES OF JERREY E. RYAN

_/s/ Jeffrey F. Ryan_
_____
JEFFREY E. RYAN
Counsel for Defendant Wing Sing Chong Co., Inc.

//
//
//
//
//
//
//

- 6 -
SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

| | | |
|---|---|---|
| Dated: _____, 2020 | | PLAINTIFF GERARDO HERNANDEZ |

_____

Dated: _____, 2020    DEFENDANT WING SING CHONG CO, INC.

By: _____

Print name:_____

Title: _____

APPROVED AS TO FORM:

Dated: March 15, 2020    DERBY, McGUINNESS & GOLDSMITH, LLP

_____
CELIA McGUINNESS
Counsel for Plaintiff Gerardo Hernandez

Dated: _____, 2019    THE LAW OFFICES OF JERREY E. RYAN

_____
JEFFREY E. RYAN
Counsel for Defendant Wing Sing Chong Co., Inc.

//
//
//
//
//
//
//

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.

DATED: 3/17/2020

_____
Honorable Judge Nathanael Cousins
U.S. District Court Magistrate Judge